# In the United States Court of Federal Claims

No. 08-465C
(Filed: July 3, 2008)

**********************************
TODD FOX,

*Plaintiff*,

v.

THE UNITED STATES,

*Defendant*,
**********************************

ORDER

This is an action invoking the court's bid protest jurisdiction under 28 U.S.C. § 1491(b)(1) (2006). For the reasons stated during the telephone conference call on July 1, 2008, the action is dismissed without prejudice. The relief plaintiff seeks is either not within our jurisdiction or has been made moot by defendant's conduct.

Plaintiff currently holds four contracts with the United States Postal Service ("USPS") for the delivery of mail. At the time the complaint was filed they were to expire on June 30, 2008. The complaint alleges that plaintiff was notified that two of his contracts would not be renewed, and that emergency procurement contracts were being solicited for the non-renewed contracts, secretly, from, among others, persons who now work for plaintiff. These emergency contracts were intended to temporarily cover service on routes served by plaintiff's contracts, while defendant solicited for permanent replacement service on these routes. Plaintiff, however, was not contacted to submit a proposal for these emergency contracts. The complaint seeks an order enjoining the emergency contracts and directing defendant to allow plaintiff to participate in any future procurement of the contracts on a fair and equal basis. It also seeks an explanation for why defendant did not contact plaintiff with respect to the emergency contracts and a recision of the decision not to renew his contracts.

During our prior phone conference on June 27, 2008, defendant represented that, contrary to the assumptions underlying the complaint, the USPS would renew plaintiff's contracts through September 30, 2008 and offer him an opportunity to submit a proposal for contracts that service the routes currently

served by his contracts. We ordered the government to submit an affidavit of the contracting officer ("CO"), summarizing the representations made during this phone conference.

On June 30, 2008, defendant filed the affidavit of Bobby L. Mays, the CO for plaintiff's contracts. In his affidavit, Mr. Mays declared that he has offered to extend the two non-renewed contracts, which are scheduled to expire on June 30, 2008, through September 30, 2008. (Mays Aff. ¶ 3.) Plaintiff orally accepted this offer, and Mr. Mays mailed plaintiff the necessary documents to execute that extension. (*Id.*) Mr. Mays also rescinded the solicitations for emergency replacement contracts to cover service on routes served by plaintiff's contracts. (*Id.* at ¶ 4.) Mr. Mays represented that his office soon will issue "solicitations for four-year contracts to service the routes currently served by contracts HCR 299C5 and 299D2." (*Id.* at ¶ 5.) Mr. Mays anticipates that by September 30, 2008 the process of "soliciting, evaluating, and awarding those contracts will be complete." (*Id.*) Plaintiff may submit a proposal for these solicitations on the "same terms as other offers . . . . by requesting solicitation packages . . ., preparing proposals, and submitting those proposals . . . by the close of the solicitation period." (*Id.* at ¶ 6.)

Notwithstanding defendant's representations, plaintiff filed a motion for final judgment. Plaintiff seeks an order declaring that the USPS acted improperly in soliciting plaintiff's employees for the procurement of the non-renewed contracts without notifying plaintiff and in excluding plaintiff from the procurement of these contracts by its determination not to renew them. Plaintiff also seeks an order enjoining USPS from excluding plaintiff's participation in a future procurement or taking any further action under any solicitations issued for the emergency procurement of the contracts, as well as a direction to USPS to allow plaintiff to participate in procurement of his current contracts. The only element of this relief that is arguably not moot is the first item–a declaration that the asserted conduct of the USPS in contacting plaintiff's employees was improper because it potentially jeopardizes plaintiff's relationship with them. We view this as a tort claim unconnected to any pending solicitation and hence beyond our jurisdiction.[1]

The balance of the requested relief is made moot by the decision of the USPS not to obtain interim contracts and to afford plaintiff an opportunity to

---

[1]Under the Tucker Act, the court is specifically precluded from jurisdiction over tort claims. 28 U.S.C. § 1491(a)(1) (granting jurisdiction over various types of cases "not sounding in tort"); *see Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997).

submit a proposal for the procurement of contracts that service the routes of his contracts, and there is no need for injunctive relief. We take the USPS's representations at face value and thus tend preemptive declaratory relief unnecessary. The factual assumptions in plaintiff's complaint are thus incorrect. Accordingly, the complaint is dismissed without prejudice on grounds of mootness. No costs.

s/Eric G. Bruggink
ERIC G. BRUGGINK
Judge